UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JUAN ALVAREZ-GARCIA,

       Petitioner,

v.              Civil No. 4:23-cv-1006-P

CHRIS RIVERS, Warden,
FMC-Fort Worth,[1]

   Respondent.

**OPINION AND ORDER OF DISMISSAL**

  Petitioner, Juan Alvarez Garcia, a federal prisoner, filed a petition for a writ of habeas corpus (ECF No. 1) under 28 U.S.C. § 2241, alleging that he had not received time credits to which he is entitled. The Court, having considered the petition, the response, the record, and applicable authorities, concludes that the petition must be **DISMISSED** for the alternative reasons set forth.

**I. FACTS/BACKGROUND**

  The First Step Act (FSA) creates a system of earned time credits and other incentives to encourage prisoners to participate in and complete evidence-based recidivism reduction (EBRR) programs and productive activities. 18 U.S.C. § 3632(d). It permits qualifying inmates to apply earned time credits towards prerelease community-based placement—for example, in a Residential Reentry Center (RRC) and/or home confinement. 18 U.S.C. § 3624(g)(2); 28 C.F.R. § 523.44(b)-(c). And, at the discretion of the Director, FSA Time Credits may be applied

---

[1] Chris Rivers is now the Warden at FMC-Fort Worth, and thus should be substituted as respondent. The Clerk of Court is directed to make this update on the docket.

1

towards release to supervision at an earlier date, not to need 12 months. 18 U.S.C. § 3624(g)(3); 28 C.F.R. § 523.44(d). On February 6, 2023, the BOP issued a revised Program Statement 5410.01, *First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)*, whereby the BOP, among other applications, applies earned time credits towards early

transfer to supervised release for individuals with a detainer.[2] However, "[a] prisoner is ineligible to apply time credits…if the prisoner is the subject of a final order of removal under any provision of the immigration laws [] of the Immigration and Nationality Act." 18 U.S.C. § 3632(d)(E)(i); 28 C.F.R. § 523.44(a)(2).

The § 2241 petition in this case asks whether the FSA allows the BOP to implement policy which precludes federal prisoners with pending criminal charges or detainers from having their accrued earned time credits applied towards early release. Pet. 2, ECF No. 1. Alvarez-Garcia asserts that the FSA mandates application of earned time, and the only exceptions are for inmates with a conviction identified under 18 U.S.C. § 3632(d)(4)(D) or with a "final order of removal." *Id.* at 3-4. Alvarez-Garcia states his "detainer applies to a deportation hearing" and not a final order, thus he is entitled to application of his FSA Time Credits. *Id.*, at 7. He requests the Court order the BOP to calculate and apply earned time credits and "give notice to the authority issuing the detainer of his newly calculated release date." *Id.* at 17.

## II. ANALYSIS
### A. Lack of Exhaustion

A federal prisoner must exhaust administrative remedies before seeking habeas relief in federal court. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). As Respondent explains, the Bureau of Prisons has a three-step administrative remedy program that inmates must follow. Resp. 2-

---

[2] The revised policy is at: 5410_cn.pdf(bop.gov) https://www.bop.gov/policy/progstat/5410.01_cn.pdf.

4, ECF No. 9. The record reflects that Alvarez-Garcia failed to exhaust his administrative remedies with regard to the claim he presents here. App. (Declaration of BOP Executive Assistant Matthew Gjurgevich with Attachments) 1–4, ECF No. 10. He has not made any attempt to show that exceptional circumstances exist that would make exhaustion futile. *See Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). Thus, the case must be dismissed for lack of exhaustion.

### B. Petitioner Not Eligible for First Step Act Time Credits

Alvarez-Garcia argues that he is entitled to earlier release from prison upon proper application of his FTCs and that he has not had time credits applied to his sentence. Alvarez-Garcia is not entitled to FTCs towards his federal sentence, however, because he has a final order of removal issued by ICE. App. 12-13, ECF No. 10. A final order of deportation precludes application of FSA Time Credits. 18 U.S.C. § 3632(d)(E)(i); 28 C.F.R. § 523.44(a)(2); *see supra*, n. 1, p. 13; *see also* Pet. 3-4, ECF No. 1 (acknowledging a final order of deportation prohibits application of time credits).

In creating the time credit system, Congress decided to exclude categories of inmates from applying time credits, including inmates with final orders of removal:

(E) Deportable prisoners ineligible to apply time credits.

> (i) A prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(17))).

18 U.S.C. § 3632(d)(4)(E)(i).

Alvarez-Garcia is the subject of a final order of removal and as such, he is statutorily precluded from applying any FTCs he may have

earned. App. 13, ECF No. 10. A final order of removal precludes application of FSA Time Credits. 18 U.S.C. § 3632(d)(E)(i); 28 C.F.R. § 523.44(a)(2); *see supra*, n. 1, p. 13; *see also* Pet. at 3-4, ECF No. 1 (acknowledging a final order of deportation prohibits application of time credits). As such, even if Alvarez-Garcia had exhausted administrative remedies, which he did not, he still would not be entitled to the application of FTCs he currently seeks. Accordingly, this § 2241 petition should alternatively be dismissed with prejudice.

### III.   CONCLUSION and ORDER

It is therefore **ORDERED** that petitioner Juan Alvarez-Garcia's petition for relief under 28 U.S.C. § 2241 is **DISMISSED** for want of exhaustion, and alternatively, **DISMISSED** with prejudice.

**SO ORDERED** this **26th day** of **March 2024**.

Mark T. Pittman
UNITED STATED DISTRICT JUDGE